**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Bennett Laquan Williams,

               Plaintiff,

v.

Betty Ulibarri, et al.,

               Defendants.

No.  CV 18-02274-PHX-MTL (DMF)

**ORDER**

Plaintiff Bennett Laquan Williams, who is currently confined in the Arizona State Prison Complex-Eyman, brought this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are: (1) Plaintiff's Motion Demand for Judgment pursuant to Federal Rule of Civil Procedure 54(c) (Doc. 32); (2) Plaintiff's Motion for Entry Default Judgment (Doc. 34); (3) Plaintiff's Notices to Expand Record Pursuant to Rule 5(E)(2) (Docs. 36 and 37); (4) Plaintiff's Motion for Status on the Case/and to Confirm Entry Default Judgment by the Clerk of the Court (Doc. 38); (5) Plaintiff's Motion to Stay Proceedings (Doc 39); (6) Plaintiff's Motion for Entry Default Judgment (Doc. 40); and (7) Plaintiff's Motion to Confirm and Expedite Entry Default Judgment and w/ Amount (Doc. 42).

## I.    Background

On screening of Plaintiff's Second Amended Complaint pursuant to 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated a First Amendment access-to-the-courts claim against Defendant Ulibarri in Count One, and directed Defendant Ulibarri to

answer Count One. (Doc. 23.) The Court dismissed the remaining claims and defendants. (*Id.*) Defendant Ulibarri returned a Waiver of the Service of Summons on August 10, 2019. (Doc. 27.) The waiver indicates that Defendant Ulibarri understood that she was to file and serve an answer within 60 days of August 2, 2019. (*Id.*) To date, Defendant Ulibarri has not answered the Second Amended Complaint or otherwise appeared in this action.

## II.     Plaintiff's Motions for Default and Motion to Stay

Pursuant to Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Because Defendant Ulibarri has failed to appear in this action, the Court will direct the Clerk of the Court to enter default against Defendant Ulibarri.

Because default has not been entered, Plaintiff's Motions for Default Judgment are premature. Moreover, Plaintiff has filed five motions regarding default, and has filed another Motion requesting that the Court stay ruling on Plaintiff's motions for default, but filed other requests for default after that Motion. Plaintiff must not seek duplicative relief in multiple motions. If Plaintiff wants to know the status of a particular motion, he may file a Motion seeking the status of that motion. Here, because Plaintiff has filed Motions seeking duplicative relief and has sought to "stay" the ruling on some of those motions, it is confusing and cumbersome for the Court to attempt to sort through the Motions. If Plaintiff seeks default judgment against Defendant Ulibarri, he must do so in one Motion that complies with Rule 55(b)(2) of the Federal Rules of Civil Procedure.

Accordingly, Plaintiff's Motions seeking default will be granted to the extent the Court will direct the Clerk of the Court to enter default against Defendant Ulibarri, but will otherwise be denied. Plaintiff's Motion to Stay will likewise be denied.

## III.    Plaintiff's Notices to Expand the Record

Plaintiff appears to seek to enter evidence into the record pursuant to "Rule 5(E)(2)." (Docs. 36, 37.) Plaintiff does not state what Rule 5(E)(2) is or where it can be located, and

the Federal Rules of Civil Procedure contain no such rule. The Court will accept evidence if it is attached to a procedurally-appropriate motion, but will otherwise not review evidence attached to Notices filed in the docket. Accordingly, Plaintiff's Notices will be denied.

**IT IS ORDERED:**

(1)     The reference to the Magistrate Judge is **withdrawn** as to: (1) Plaintiff's Motion Demand for Judgment pursuant to Federal Rule of Civil Procedure 54(c) (Doc. 32); (2) Plaintiff's Motion for Entry Default Judgment (Doc. 34); (3) Plaintiff's Notices to Expand Record Pursuant to Rule 5(E)(2) (Docs. 36 and 37); (4) Plaintiff's Motion for Status on the Case/and to Confirm Entry Default Judgment by the Clerk of the Court (Doc. 38); (5) Plaintiff's Motion to Stay Proceedings (Doc 39); (6) Plaintiff's Motion for Entry Default Judgment (Doc. 40); and (7) Plaintiff's Motion to Confirm and Expedite Entry Default Judgment and w/ Amount (Doc. 42).

(2)     Plaintiff's Motion Demand for Judgment pursuant to Federal Rule of Civil Procedure 54(c) (Doc. 32); Plaintiff's Motion for Entry Default Judgment (Doc. 34); Plaintiff's Motion for Status on the Case/and to Confirm Entry Default Judgment by the Clerk of the Court (Doc. 38); Plaintiff's Motion for Entry Default Judgment (Doc. 40); and Plaintiff's Motion to Confirm and Expedite Entry Default Judgment and w/ Amount (Doc. 42) are granted in part and denied in part as follows:

(a)     The Clerk of the Court **must enter default** against Defendant Ulibarri;

(b)     the motions are otherwise **denied**.

(3)     Plaintiff's Notices to Expand Record Pursuant to Rule 5(E)(2) (Docs. 36 and 37) are **denied**.

(4)     Plaintiff's Motion to Stay Proceedings (Doc 39) is **denied**.

(5)     The Clerk of the Court must mail a copy of this Order and the entry of default to: (1) the address Plaintiff listed for Defendant Ulibarri on the service packet (Doc. 27 at 1); (2) the alternate address Plaintiff listed for Defendant Ulibarri on the service packet

(*id.*); and (3) the address listed by Defendant Ulibarri on the Waiver of the Service of Summons (Doc. 27 at 2.)

Dated this 10th day of February, 2020.

Michael T. Liburdi
United States District Judge