1  WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bennett Laquan Williams,<br><br>    Plaintiff,<br><br>v.<br><br>Betty Ulibarri, et al.,<br><br>    Defendants. | No. CV-18-02274-PHX-MTL (DMF)<br><br>**ORDER** |

Defendant Betty Ulibarri, an independent contractor paralegal for the Arizona Department of Corrections, was served in this action but did not file an Answer; the Clerk of Court entered default against her on February 10, 2020 (Doc. 44). Plaintiff seeks a default judgment and Defendant Ulibarri moves to set aside the entry of default.

**I.    Motion to Set Aside Default**

Defendant Ulibarri states that she has no excuse for not responding to the Complaint but requests that default be set aside because Plaintiff's request for $1,000,000 in damages would financially cripple her. She indicates she is ready to respond to the Complaint and requests the opportunity to do so.

The Court may set aside an entry of default if good cause is shown. Fed. R. Civ. P. 55(c). In determining whether good cause has been shown, the Court considers: 1) whether there was culpable conduct on the part of the defendant; 2) whether any meritorious defenses are available, and 3) whether there is any prejudice to the plaintiff. *United States v. Signed Personal Check No. 730 of Yubran S. Mesle ("Mesle")*, 615 F.3d

1085, 1091 (9th Cir. 2010). "[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Id.* at 1091.

### A. Culpable Conduct

"A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action *and intentionally* failed to answer." *Id.* at 1092 (citation omitted) (emphasis in original). "[I]n this context the term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process." *Id.*

While Defendant Ulibarri does not elucidate what prevented her from filing a timely answer, there is no basis in the record to conclude her failure was culpable. And although Defendant Ulibarri received actual notice of the filing of the Complaint, the Court is persuaded that her failure to answer was not intentional as used in this context. Although Defendant Ulibarri's conduct may not be ideal, her actions were not in "bad faith [with] an intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process." *Mesle*, 615 F.3d at 1091. This factor, therefore, weighs in favor of setting aside default.

### B. Meritorious Defense

Second, the Court considers whether Defendant has an available "meritorious defense." *See Mesle*, 615 F.3d at 1094. To establish that a meritorious defense exists, Defendant must allege specific facts that would constitute a defense. *Id.* Defendant does not articulate any particular facts in support of her defense, only that she requests the opportunity to respond to the allegations against her. Although a defendant seeking to set aside an entry of default must present specific facts supporting a defense, the burden on the defendant is not extraordinarily heavy. *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 700 (9th Cir. 2001). While the Court expresses no view on the merits of

Plaintiff's claim, Defendant has alleged that she has a defense she wishes to present. As such, this factor weighs in favor of settings aside default.

### C. Prejudice to the Plaintiff

Lastly, the Court considers whether setting aside the entry of default would be prejudicial to Plaintiff. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *Id.* at 1095 (citation omitted).

Here, there is no showing of prejudice to Plaintiff. The delay has been minimal, and no evidence suggests that Plaintiff's ability to pursue his claim will be hindered. This factor, therefore, also weighs in favor of setting aside default.

Accordingly, Plaintiff's Motion for Default Judgment will be denied, Defendant's Motion to Set Aside Entry of Default will be granted, and the entry of default will be set aside.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is withdrawn as to Plaintiff's Motion for Default Judgment (Doc. 45) and Defendant's Motion to Set Aside Entry of Default (Doc. 47).

(2) Plaintiff's Motion for Default Judgment (Doc. 45) is **denied**.

(3) Defendant's Motion to Set Aside Entry of Default (Doc. 47) is **granted**.

(4) The Clerk of the Court must **vacate** the Entry of Default (Doc. 44).

(5) Defendant Ulibarri must file her Answer within 14 days of this Order.

(6) The Clerk of Court must mail a copy of this Order to Defendant Ulibarri's address listed on the Return of Service (Doc. 27).

Dated this 8th day of April, 2020.

Michael T. Liburdi
United States District Judge