WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bennett Laquan Williams, | No. CV-18-02274-PHX-MTL (DMF) |
| Plaintiff, | **ORDER** |
| v. | |
| Betty Ulibarri, et al., | |
| Defendants. | |

Plaintiff requests that the Court reconsider its decision to set aside Defendant Ulibarri's entry of default (Doc. 51). The motion for reconsideration will be denied.

**I.  Background**

On screening of Plaintiff's Second Amended Complaint pursuant to 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated a First Amendment access-to-the-courts claim against Defendant Ulibarri in Count One and directed her to answer. (Doc. 23.) The Court dismissed the remaining claims and defendants. (*Id.*) Defendant Ulibarri returned a Waiver of the Service of Summons on August 10, 2019. (Doc. 27.) The waiver indicates that Defendant Ulibarri understood that she was to file and serve an answer within 60 days of August 2, 2019. (*Id.*) The Clerk of Court entered default against her on February 10, 2020 (Doc. 44).

On March 18, 2020, Defendant Ulibarri moved to set aside to the default entered against her. She indicated that Plaintiff's request for $1,000,000 in damages would financially ruin her and stated she would respond to the Complaint. The Court set aside

the default and directed Defendant to file her answer to the Complaint, which she did on April 21, 2020.

## II. Governing Standard

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Nor may a motion for reconsideration repeat any argument previously made in support of or in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

## III. Discussion

Plaintiff contends that Defendant Ulibarri committed fraud upon the Court, which should result in entering "default judgment against her." But the Court did not enter a judgment against Defendant, her default was set aside because in the absence of extraordinary circumstances, cases should be decided on their merits. *United States v. Signed Personal Check No. 730 of Yubran S. Mesle ("Mesle")*, 615 F.3d 1085, 1091 (9th Cir. 2010) ("[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits."). And because there was no prejudice to Plaintiff, the Court determined that setting aside default was the appropriate action.

      Although unclear, Plaintiff maintains that Defendant Ulibarri failed to either have malpractice insurance or failed to notify her insurance carrier about this lawsuit, which resulted in her failure to timely respond to the Complaint.  Plaintiff also disputes that he did not suffer prejudice from the delay in this case, although he does not articulate any specific prejudice.  In short, Plaintiff's Motion does not provide a basis for the Court to reconsider its previous Order, such as newly discovered evidence, an intervening change in controlling law, that the Court committed clear error, or that the initial decision was manifestly unjust.  Plaintiff's disagreement with the Court's prior Order is not a basis for reconsideration.  Accordingly, the Court will deny the Motion.

      **IT IS ORDERED** that the reference to the Magistrate Judge is **withdrawn** as to the Motion for Reconsideration (Doc. 51) and the Motion is **denied**.

      Dated this 19th day of June, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge