WO                                                                                                        KAB

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bennett Laquan Williams,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>　　　　　Defendants. | No.  CV 18-02274-PHX-MTL (DMF)<br>　　　 CV 20-00068-PHX-MTL (DMF)<br><br>**ORDER** |

Pending before the Court are: (1) the Magistrate Judge's Report and Recommendation recommending that CV 18-02274-PHX-MTL (DMF) and CV 20-00068-PHX-MTL (DMF) be consolidated (Doc. 51); (2) Cross-Motions for Summary Judgment in CV 18-02274-PHX-MTL (DMF) (Docs. 132 and 137); and (3) Cross-Motions for Summary Judgment in CV 20-00068-PHX-MTL (DMF) (Docs. 21 and 29).[1]

**I.     Background**

On screening under 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated a First Amendment access-to-the-courts claim in CV 18-02274-PHX-MTL (DMF) against Defendant Ulibarri based on Plaintiff's allegations that Defendant Ulibarri confiscated CDs sent to Plaintiff by his advisory counsel in his criminal case because they contained semi-nude photos. (CV 18-02274-PHX-MTL (DMF), Doc. 23.)  Plaintiff alleged that the CDs

---

[1] The Court provided notice to Plaintiff pursuant to *Rand v. Rowland*, 154 F.3d 952, 962 (9th Cir. 1998) (en banc), regarding the requirements of responses. (Doc. 31 in CV 20-00068-PHX-MTL (DMF) and Doc. 140 in CV 18-02274-PHX-MTL (DMF).)

containing the semi-nude photos contained back page ads that Plaintiff needed for his Rule 32 Petition for Post-Conviction relief in state court, but because Ulibarri confiscated the CDs, Plaintiff's Rule 32 Petition was denied. (*Id.*)

On screening under 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated a First Amendment access-to-the-courts claims in CV 20-00068-PHX-MTL (DMF) against Defendant Ryan based on Plaintiff's allegations that Defendant Ryan upheld Ulibarri's decision to withhold Plaintiff's CDs despite the fact that "the trial court ordered officials to allow Plaintiff to have his property," and, as a result, Plaintiff's Rule 32 Petition was denied. (CV 20-00068-PHX-MTL (DMF), Doc. 9.)

**II.     The Report and Recommendation**

The Magistrate Judge recommends that CV 18-02274-PHX-MTL (DMF) and 20-00068-PHX-MTL (DMF) be consolidated pursuant to Rule 42(a) of the Federal Rules of Civil Procedure because the cases are based on the same events and the cases are in the same position procedurally. (Doc. 145.) There are no objections to the Report and Recommendation.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *accord Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna–Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [magistrate judge's] recommendations to which the parties object."). District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("A judge of

the court shall make a de novo determination of those portions of the [R & R] to which objection is made.").

The Report and Recommendation will be adopted, and CV 18-02274-PHX-MTL (DMF) and 20-00068-PHX-MTL (DMF) will be consolidated.

### III. Motions for Summary Judgment

In his Motion for Summary Judgment, Plaintiff asserts that due to Defendants' actions, his Rule 32 Petition "lack[ed] substance," that in a criminal action Defendants' behavior would "amount to a '15.1 Brady violation," and because the evidence was taken from him, it was lost/or destroyed." (CV 18-02274-PHX-MTL (DMF), Doc. 132; CV 20-00068-PHX-MTL (DMF), Doc. 21.)

Defendants argue that they are entitled to summary judgment because Plaintiff suffered no actual injury from the confiscation of his CDs. (CV 18-02274-PHX-MTL (DMF), Doc. 137; CV 20-00068-PHX-MTL (DMF), Doc. 29.)

### A. Legal Standards

#### 1. Summary Judgment

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The movant bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323.

If the movant fails to carry its initial burden of production, the nonmovant need not produce anything. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Co., Inc.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000). But if the movant meets its initial responsibility, the burden shifts to the nonmovant to demonstrate the existence of a factual dispute and that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 248, 250 (1986); *see Triton Energy Corp. v. Square D. Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). The nonmovant need not establish a material issue of fact conclusively in its favor, *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968); however, it must "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal citation omitted); *see* Fed. R. Civ. P. 56(c)(1).

At summary judgment, the judge's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. In its analysis, the court must believe the nonmovant's evidence and draw all inferences in the nonmovant's favor. *Id.* at 255. The court need consider only the cited materials, but it may consider any other materials in the record. Fed. R. Civ. P. 56(c)(3).

### 2. Access to the Courts

The right of meaningful access to the courts prohibits officials from actively interfering with inmates' attempts to prepare or file legal documents. *Lewis v. Casey*, 518 U.S. 343, 350 (1996). "Where a prisoner asserts a backward-looking denial of access claim—one . . . seeking a remedy for a lost opportunity to present a legal claim—he must show: 1) the loss of a "nonfrivolous" or "arguable" underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit." *Phillips v. Hust*, 477 F.3d 1070, 1076 (9th Cir. 2007) (citing *Christopher v. Harbury*, 536 U.S. 403, 416 (2002)), *vacated on other grounds* 555 U.S. 1150 (2009). "The first element, requiring the loss of a nonfrivolous underlying claim, goes to the plaintiff's standing to bring suit." *Phillips*, 477 F.3d at 1076. "To have standing to assert a claim of denial of access to the courts, an inmate must show 'actual injury.'" *Id.* (citing *Lewis*, 518 U.S. at 351). "In order to establish actual injury, the inmate must demonstrate that official acts or omissions 'hindered his efforts to pursue a [nonfrivolous] legal claim.'" *Id.* (citing *Lewis*, 518 U.S. at 351, 353). The second element requires that Plaintiff show that the alleged violation of his rights was proximately caused by Defendant. *Id.* at 1077. The third element requires that Plaintiff "have no other remedy

than the relief available in his denial of access suit." *Id.* at 1078-79.

**B.     Facts**

On May 26, 2016, Plaintiff was indicted on 14 counts in *State of Arizona v. Williams*, Superior Court of the State of Arizona, Maricopa County (Superior Court), case number CR2016-002220-001 (Criminal Case). (CV 20-00068-PHX-MTL (DMF), Doc. 30 ¶ 13.)[2] On August 21, 2017, the State of Arizona and Plaintiff entered into a Plea Agreement in the Criminal Case. (*Id.* ¶ 14.)

The Plea Agreement was signed by Deputy County Attorney Cuevas, Plaintiff, and his defense counsel, Tosto. (*Id.* ¶ 15.) Plaintiff pleaded guilty to Count 1 (as amended) and Count 2 (as amended), comprising two felony counts of sex trafficking against "Victim B," and "Victim A," respectively. (*Id.* ¶ 16.) The parties agreed that as to both counts, Plaintiff "shall be sentenced to 12 years in the Department of Corrections concurrently . . . [and] shall not have any contact whatsoever with the Victims . . . . [and] shall pay restitution to any and all Victims." (*Id.* ¶ 17.) The remaining Counts 3 through 14 against him were dismissed, and the Maricopa County Attorneys' Office agreed that it would not file drug charges pursuant to a Phoenix Police Department Report referenced in the Plea Agreement. (*Id.*)

By entering into the Plea Agreement, Plaintiff waived and gave up all motions, defenses, objections or requests to the court's entry of judgment against him and imposition of sentence consistent with the agreement, and the right to appeal. (*Id.* ¶ 18.) On September 27, 2017, a Sentencing/Disposition Sheet and Presentence Investigation Report was filed in the Criminal Case. (*Id.* ¶ 19.) On September 27, 2017, the Superior Court held a sentencing hearing in the Criminal Case. (*Id.* ¶ 20.)

Deputy County Attorney Cuevas, Plaintiff, and defense counsel Tosto were present in the courtroom for the sentencing hearing. (*Id.* ¶ 21.) The Superior Court found that Plaintiff "knowingly, intelligently and voluntarily waived all pertinent constitutional and

---

[2] Plaintiff does not object to Defendants' facts regarding his criminal case. (Doc. 38 at 4.)

- 5 -

appellate rights and entered a plea of guilty." (*Id.* ¶ 22.) The Superior Court adjudged Plaintiff guilty of Count 1 (as amended) and Count 2 (as amended), comprising two felony counts of sex trafficking, sentenced him to a less than maximum term of 12 years of imprisonment at the Arizona State Prison, with the term of imprisonment on Count 2 concurrent with Count 1, ordered him to pay restitution, dismissed Counts 3 through 14 against him, and ordered that he "shall have no contact with the victim(s) whatsoever." (*Id.* ¶ 23.)

On September 27, 2017, the Superior Court entered an Order of Confinement against Plaintiff. (*Id.* ¶ 24.) The Order of Confinement is consistent with the Sentencing Order. (*Id.* ¶ 25.) On September 27, 2017, the Superior Court entered a "Notice of Rights of Review after Conviction and Procedure" in the Criminal Case. (*Id.* ¶ 26.) Plaintiff received a copy of Notice of Rights of Review after Conviction and Procedure, and signed a receipt in which he acknowledged that he "received a copy of this notice explaining my right to appeal, my right to seek post-conviction relief and the procedures I must follow to exercise these rights." (*Id.* ¶ 27.) The Notice of Rights of Review after Conviction and Procedure provides in pertinent part: "IF YOU HAVE PLEADED GUILTY OR NO CONTEST . . . RELIEF MAY BE SOUGHT ONLY BY PETITION FOR POST-CONVICTION RELIEF. Rules 17.1, 17.2 and 27.8, Rules of Criminal Procedure, [ARS] sec. 13-4033 (B)." (*Id.* ¶ 28.)

The Notice of Rights of Review after Conviction and Procedure provides that a notice of post-conviction relief must be filed within 90 days of the entry of judgment and sentence. (*Id.* ¶ 29.) It further provides in pertinent part: "To file a NOTICE OF POST-CONVICTION RELIEF, you should contact a lawyer by letter, telephone or in person, telling him or her that you want to seek post-conviction relief. (*Id.*) You can file a notice of post-conviction relief before you leave the courtroom on the day you are sentenced if you wish." (*Id.*)

On September 27, 2017, Plaintiff filed a Notice of Request for Post-Conviction Relief in the Criminal Case. (*Id.* ¶ 30.) Plaintiff checked a box on the notice that "Newly

discovered material facts exist which probably would have changed the verdict or sentence," and wrote that: "After signing my plea I found that my V Amendment Rights were violated. Place twice in jeopardy for same offence. I.E. (Using [sic] old prior)." (*Id.*)

On January 10, 2018, the Superior Court entered a Minute Entry regarding "Initiation of Rule 32 Proceeding Following a Plea, Appointment of Counsel, Briefing Schedule Set." (*Id.* ¶ 31.) The January 10, 2018 Minute Entry notes that the court "has received a Rule 32 Notice of Post-Conviction Relief, Petition for Post-Conviction Relief and a Request for Preparation of Post-Conviction Relief Record, all filed September 27, 2017." (*Id.* ¶ 32.) The January 10, 2018 Minute Entry appointed the Office of the Legal Advocate to represent Plaintiff, and ordered plea counsel to produce the Defendant's entire file to PCR counsel for review and copying by no later than January 22, 2018. (*Id.* ¶ 33.)

Plea counsel was ordered to file a Notice of Compliance by January 22, 2018, including an itemized list of what constituted the file. (*Id.* ¶ 34.) The court reporter was ordered to prepare transcripts of the August 21, 2017 settlement conference, August 21, 2017 change of plea proceeding, and September 27, 2017 sentencing proceeding and to file them with the clerk's office by March 7, 2018. (*Id.* ¶ 35.)

The Petition for Post-Conviction Relief was ordered to be filed within 60 days of the date all transcripts were filed. (*Id.* ¶ 36.) On March 2, 2018, a Transcript of Proceedings of the Settlement Conference Plea Agreement/Change of Plea was filed in the Criminal Case. (*Id.* ¶ 37.)

On March 8, 2018, a Transcript of Proceedings of Sentencing was filed in the Criminal Case. (*Id.* ¶ 38.) On March 12, 2018, the Superior Court entered a Minute Entry acknowledging receipt of the transcripts for Plaintiff's Rule 32 Proceeding and ordered the Petition for Post-Conviction Relief to be filed by no later than May 8, 2018. (*Id.* ¶ 39.)

On April 10, 2018, Attorney Marcy of the Office of Deputy Legal Advocate filed a Notice of Completion of Post-Conviction Review by Counsel; Request for a 45 Day Extension of Time to Allow Defendant to File Pro Per Petition for Post-Conviction Relief; and a Notice of Compliance, in which he informed the court that he "has been unable to

find a colorable claim to raise in this of-right proceeding," and requested a 45-day extension so that Plaintiff could file a Rule 32 petition in propria persona. (*Id.* ¶ 40.) On April 30, 2018, the Superior Court entered an order granting Plaintiff the right to file a Pro Per Petition for Post-Conviction Relief by June 12, 2018, and ordered defense counsel to remain in an advisory capacity for Plaintiff until a final determination is made by the trial court regarding any Post-Conviction Relief Proceeding. (*Id.* ¶ 41.)

On May 10, 2018, Plaintiff filed a Motion for Order to Bar the Arizona Department of Corrections from interfering with Judicial Process. (*Id.* ¶ 42.) In his Motion, Plaintiff wrote that his court-appointed attorney mailed evidence to him in "the form of CDR's and it appears DVDs" and that the Arizona State Prison Complex-Eyman Meadows Unit Mail and Property Room "confenscated [sic] 3 of these pieces of evidence," and requested that the court order the Arizona Department of Corrections to return the disks to him. (*Id.*) On May 23, 2018, the court entered a Minute Entry which provides in pertinent part that:

> The Court has reviewed Defendant's "Motion for Order to Bar the Arizona Department of Correction from Interfering with Judicial Procedures" filed on May 10, 2018. Defendant advises that on April 26, 2018 the Arizona Department of Corrections has confiscated three discs containing case evidence. According to Defendant, these discs came from his attorney. Accordingly, Defendant requests an order precluding the ADOC from interfering with legal communications and directing the return his discs. The Court is informed that inmates at all ADOC prisons generally have the ability to view discs containing legal documents and other legal materials on a computer, with such viewing subject to time limits, staffing ratios, security incidents, etc. Defendant has provided the Court with no documentation that he has sought relief through the ADOC's grievance process or received a written response. Accordingly, the issue is not ripe for Court review. Defendant may wish to document his complaints with the ADOC and pursue administrative relief, and then present the complaints and any response to this Court for further review. The Court is also endorsing counsel for the ADOC on this Minute Entry. Accordingly, IT IS ORDERED denying the motion for order without prejudice. Defendant may renew his motion when he has obtained documentation that the ADOC has denied relief

via the administrative process.

(*Id.* ¶ 43.)

On June 30, 2018, Plaintiff filed a "Motion for Extension and Discloser [sic] of Discovery Requested," and asked the court to extend the deadline for his petition because he had "three attorneyes [sic] and three sets of disclosures [and] not one of them contained the full search warrant." (*Id.* ¶ 44.) He attached a copy of an Inmate Informal Complaint Response to his motion. (*Id.*) On August 13, 2018, the court entered an order in which it denied Plaintiff's request to order the Arizona Department of Corrections to turn over the discs to him prior to his release, ordered advisory counsel Marcy to copy the file contents in paper form and deliver the paper file to Plaintiff by August 27, 2018, and granted Plaintiff an extension until September 24, 2018 to file a petition for post-conviction relief. (*Id.* ¶ 45.)

On August 17, 2018, Plaintiff filed a Petition for Post-Conviction Relief, a true and correct copy of which is attached hereto as Exhibit R. (*Id.* ¶ 46.) On October 15, 2018, the State filed its Response to the Petition for Post-Conviction Relief. (*Id.* ¶ 47.) On October 29, 2018, Plaintiff filed his Reply. (*Id.* ¶ 48.) On November 15, 2018, Plaintiff filed his "Motion Amendment Rule 32.6 (D)." (*Id.* ¶ 49.)

The Superior Court signed an order dated November 28, 2018 and filed on November 29, 2018 in *State of Arizona v. Bennett Laquan Williams*, CR2016-002220-001 DT, noting that the court read and considered Plaintiff's Petition for Post-Conviction Relief filed August 17, 2018, the State's Response filed October 15, 2018, Plaintiff's reply filed October 29, 2018 and his Motion Amendment Rule 32.6 (D) filed on November 15, 2018. (*Id.* ¶ 51.) The court noted that while Plaintiff claimed that the State had no authorization to extract evidence from his cell phone and present that evidence to the Grand Jury, by pleading guilty, he waived all non-jurisdictional defects, including the constitutionality of the indictment. (*Id.* ¶ 52.) It further noted that his claim was also waived because issues concerning defects in the charging documents are pre-trial matters. (*Id.* ¶ 53.) Finally, the court held that he failed to demonstrate by a preponderance of the evidence that there is

1 any validity to his claim that the State obtained evidence from his phone illegally. (*Id.* ¶ 54.) The court also rejected Plaintiff's second argument that his attorney was ineffective because he failed to raise a claim concerning the extraction of evidence from Plaintiff's cell phone. (*Id.* ¶ 55.)

The court found that there was no evidence that defense counsel's performance was not reasonable and that Plaintiff failed to show that the outcome of the case would have been different if defense counsel had done everything that Plaintiff thought he should have done. (*Id.*)

### C. Discussion

There is no evidence Defendant Ryan or Ulibarri's acts of confiscating and retaining Plaintiff's CDs containing semi-nude photos of his victims hindered Plaintiff's efforts to pursue a nonfrivolous legal claim, and, as a result, there is no evidence that Plaintiff suffered actual injury from the confiscation of his CDs.

Plaintiff argues that the pictures on the CDs "were relevant [to his criminal] case" because he pleaded guilty, in part, to compelling, inducing, or encouraging victims to become prostitutes through backpage ads. (CV 20-00068-PHX-MTL (DMF), Doc. 21 at 7.) The question before the Court, however, is not whether the backpage ads were relevant or related to Plaintiff's criminal case.

The question before the Court is whether Plaintiff suffered actual injury from not being permitted to view semi-nude photographs of his victims while he was in prison. Plaintiff has presented absolutely no evidence supporting his arguments that he needed these photographs to make arguments in his Rule 32 Petition, or, if these photographs were somehow the basis of some argument, that such argument would have been well-taken or entitled him to *post-conviction* relief pursuant to Rule 32 after he pleaded guilty. Plaintiff's conclusory and speculative assertions that he was denied the right to make some as yet unexplained argument that would have entitled him to *post-conviction relief* after he pleaded guilty are unsupported by any evidence. *See Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) ("Conclusory, speculative testimony in affidavits and

moving papers is insufficient to raise genuine issues of fact and defeat summary judgment"); *Nilsson v. City of Mesa*, 503 F.3d 947, 952 n.2 (9th Cir. 2007) ("a conclusory . . . affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact" ).  Because there is no evidence of actual injury, Defendants' Motions for Summary Judgment will be granted[3] and Plaintiff's Motions for Summary Judgment will be denied.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is withdrawn as to Plaintiff's "Motion Dispositive of Case, for Trial/or Demand for Judgment Pur. 54(c) Fed. R.Civ. P." (Doc. 132 in CV 18-02274-PHX-MTL (DMF)), Defendant Ulibarri's Motion for Summary Judgment (Doc. 137 in CV 18-02274-PHX-MTL (DMF)), Plaintiff's "Motion for Summary Judgment Pursuant to Rule 56 Fed. R. Civ. P." (Doc. 21 in CV 20-00068-PHX-MTL (DMF)), and Defendant Ryan's Cross-Motion for Summary Judgment (Doc. 29 in CV 20-00068-PHX-MTL (DMF)).

(2) The Magistrate Judge's Report and Recommendation (Doc. 51 in CV 20-00068-PHX-MTL (DMF) and Doc. 145 in CV 18-02274-PHX-MTL (DMF)) is **ACCEPTED AND ADOPTED**.

(3) CV 20-00068-PHX-MTL (DMF) is consolidated with CV 18-02274-PHX-MTL (DMF) and shall bear the lead case number CV 18-02274-PHX-MTL (DMF).  The Clerk of the Court **must close** CV 20-00068-PHX-MTL (DMF).

(4) Plaintiff's "Motion Dispositive of Case, for Trial/or Demand for Judgment Pur. 54(c) Fed. R.Civ. P." (Doc. 132 in CV 18-02274-PHX-MTL (DMF) and Plaintiff's

---

[3] Although Defendant Ulibarri did not properly support her Motion for Summary Judgment with evidence, she relied on the evidence submitted by Defendant Ryan, and the Court may nonetheless grant summary judgment to similarly situated parties even when those parties have not yet appeared in a case. *See Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742-43 (9th Cir. 2008) ("A [d]istrict [c]ourt may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants.") (quoting *Silverton v. Dep' t of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981)).

1  "Motion for Summary Judgment Pursuant to Rule 56 Fed. R. Civ. P." (Doc. 21 in CV 20-00068-PHX-MTL (DMF)) are **denied**.

(5)  Defendant Ulibarri's Motion for Summary Judgment (Doc. 137 in CV 18-02274-PHX-MTL (DMF)) and Defendant Ryan's Cross-Motion for Summary Judgment (Doc. 29 in CV 20-00068-PHX-MTL (DMF)) are **granted**.  CV 18-02274-PHX-MTL (DMF) and Defendants Ryan and Ulibarri are **dismissed with prejudice**, and the Clerk of the Court must enter Judgment accordingly.

Dated this 14th day of June, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge